The opinion of the Court was delivered by
Inglis, A. J.
The purpose of a proceeding by foreign attachment is to subject the specific property attached to the satisfaction of the plaintiff’s demand against the absent .debtor, when it shall, in due course, have been established. (A. A. 1744, § 1, 3 Stat. 617.) To the accomplishment of this purpose, all the provisions of the several Acts on the *171 subject are exactly adapted. If tbe property is at large, no one having possession, tbe officer executing tbe writ takes it into bis own possession, and thus tbe lien is constituted. If some third person is in possession, tbe same effect is wrought by serving upon such person a copy of the writ, with the prescribed notice endorsed. The surrender of the property attached to the sheriff by the party in possession not claiming as a creditor, (A. A. 1844, § 1, 11 Stat. 290,) or the security given by such party for its forthcoming to answer the order that shall be made upon the adjustment by the Court of the rights of all the parties, (A. A. 1744, § 1-6, 3 Stat. 617-9;) the making up and trial of issues, (Lord ads. Arnold, MS. Dec. 1826; Goldthwaite vs. Bryant, 1 McM. 432,) to determine the claim of the party in possession as creditor of the absentee or otherwise, or the truth of his return, or the claim of a stranger as owner of the property attached, the delivery thereof to the assignees appointed pending the proceeding, or to the creditor himself upon its conclusion; the sale of perishable chattels attached, (A. A. 1844, § 45, 11 Stat. 290; A. A. 1744, § 7, 3 Stat. 619; Lord vs. Arnold, MS. Dec. 1826, 1 Rice Dig. 80,) or the payment of money into Court, all look to the maintenance of the lien so constituted, and the making it ultimately effective by the actual condemnation of the property itself, to the removal of intervening obstacles thereto, and to the preservation of the property until this final purpose can be attained.
When the person who is supposed to have in his possession or power, property of the absent debtor liable to attachment, and is, therefore, served with a copy of the writ, makes default by refusal or neglect to return, in compliance with the notice endorsed thereon, an account of the property so held by him, the statutes interpret such default as an admission that he has in his hands property liable to the process sufficient for its purpose. (A. A. 1744, § 1, *172 3 Stat. 617; A. A. 1844, § 3, 11 Stat. 290.) Because bis failure leaves the Court without the necessary knowledge of the specific property, and to this extent thwarts and prevents the primary purpose of the proceeding, the law, as the nearest practicable approximation thereto, permits the creditor, at least upon the establishment of his demand against the absentee, after notice personally served, and upon motion in open Court, to take judgment against the garnishee for the amount of his recovery. The attachment Acts do not authorize the entry of judgment against the garnishee for the plaintiff’s demand against the absent debtor in any other event than upon such default to make the required return, for in no other event is there any reason for such a course. In every other case the property, itself can be reached, and the primary purpose of the proceeding be directly accomplished. Proper methods of compelling specific delivery, for this purpose, of the attached property, are provided either by the express terms of the statutes, or by the usual practice of the Court in enforcing obedience to its orders by its officers or those who, by collateral connection with the proceeding pending before it, are, pro hac vice, subject to its jurisdiction. (A. A. 1844, § 2, 11 Stat. 290; Westmoreland vs. Tippens, 1 Bail. 514; Cohen vs. Sherman, 2 Sp. 534.) In the present case, if the garnishee, Pinckney, had, in conformity with the literal requisition of the law, at the term succeeding the return of the writ served upon him, (January Term, I860,) duly made his return thereto, certainly no judgment could have been had against him, then or afterwards, for the absentee's debt, though in such return he had admitted his possession of sufficient property liable to attachment. The report of the Judge, presiding on the Circuit, informs this Court, that “ at the same time” w hen the creditor moved for leave to enter up judgment against the garnishee, the latter submitted a motion for leave to file his return, nunc pro tunc, *173 which motion was granted, and tbe return filed. The effect of this leave given was certainly to cure the fact of default, and therefore to prevent its consequence — the absolute liability to judgment and execution for the amount of “the debt attached for.” The garnishee was thereby, so far as the fact of having made a return could affect his position, and as between the parties to the proceeding, exactly where he would have been, if he had made his return at the day limited in the Acts. Whether the events subsequent to the service upon him of the attachment writ, which are detailed in his return, can relieve him from his responsibility for the production now of the absent debtor’s property admitted to have been then in his hands, to answer the plaintiff’s recovery against the latter, is not the question at present before this Court for decision, and upon that nothing is intended to be said. In a proper form of proceeding to enforce his responsibility in this behalf, that question can be duly made and properly decided. If the return filed, nunc pro tunc, is insufficient in its terms for the purposes of the plaintiff, it should have been excepted to therefor when submitted, and if the exception had been deemed well founded, an order for its amendment would, no doubt, have been made. (Tavel vs. Barre, 2 Mc. 201; Nelson vs. Scott, MS. Dec. 1826, 1 Rice Dig. 80; Murrell & Foote vs. Johnson, 3 Hill, 13.) This Court, much as it may regret any misunderstanding of the proceedings below, by any one of the parties to his own prejudice, does not feel at liberty to go, for the facts upon which its judgment is to proceed, outside of the report.
There is no just cause for discontent with the leave given to the garnisheee. If the consequence visited upon his default is to be deemed a punishment for his contempt in disobeying the process of the Court, still the object of the denunciation of such punishment is to compel a discovery and account of the property in his hands in order to reach *174 it specifically, and thus attain the primary purpose of the proceeding. If this discovery and account is had at any time before the creditor has, by a due course of proceeding, “ legally proved to the Court the debt attached for,” it would seem to be in time for its purpose, and the contempt to be thereby purged. But if, instead of being a penalty, the leave to enter up judgment is merely the just result from the admission of sufficient property, which the default implies, because it is the nearest approximation to the primary object of the proceeding which such default leaves • in the power of the Court, there is still greater reasonableness in listening with indulgence to applications to cure the default by furnishing the coveted discovery while it is yet in time not to delay the creditor in his remedy.
It is, however, not the mere omission, which constitutes the default thus visited. The "refusal and neglect” mentioned in the Acts imply something more than mere failure to appear and make the discovery directed. They import wilfulness and purpose in such omission. The fact of omission being given, the law very properly presumes wilfulness therein, and throws upon the garnishee the burden of showing the contrary; and therefore it is that sufficient cause (if not consistent with the absence of wilfulness and purpose, it cannot be sufficient) being shown at any time before the order for judgment against the garnishee is made, is permitted to cure the default by rebutting the presumption. In accordance with this view are the cases cited in the argument, (Green vs. McDowell, 1 Bail. 304; Hunter vs. Andrews, 2 Speer, 73; Horsey & Co. vs. Palmer & Jordan, 9 Rich. 24;) and to this view also conforms the provision introduced by the Act of 1844, (§ 3.) which requires motion in open Court, after two days’ notice thereof to the garnishee, in order to a leave to enter judgment against him for the absentee’s debt. If the mere fact of omission to make a return at the day. renders him absolutely liable to *175 judgment for the debt, and that omission is not open to correction up to the very last moment before order for judgment against him, what is the purpose of such a requirement? Why shall he have notice of the motion, if he is precluded from showing cause against it, and what cause can be shown otherwise than in the form of a motion for leave to make his return of discovery and account, nunc fro tunc ? The present garnishee, when served with the writ, informed the creditor that “ he had in his hands the proceeds of cotton belonging to the absent debtor, and was ready to respond for the funds when required.” He made no claim as creditor in possession. The plaintiffs in the attachment took no steps to have the attached funds transferred to the custody of the sheriff or of assignees appointed pending .the suit for the establishment of their claim against the absent debtor, or to their own possession, or to have it paid into Court, thus apparently acquiescing in, and assenting to, its retention by the garnishee. When, at the June Term, 1861, the amount of their demand was ascertained by the Court, no judgment was entered therefor, and no application was made to the garnishee for the fund, or to the Court for judgment against him. Persistent non-action continued for six years afterwards. In the meantime causes were in operation which wrought great and violent changes, rendering that which was ample in value at the service of the writ, and at the recovery against the absentee, for the satisfaction of the plaintiffs’ demand, now utterly worthless in the hands of the garnishee. In such circumstances, would it be just to convert a mere omission to make a formal return at the day — clearly not a wilful “ neglect or refusal” — -an omission acquiesced in, if not assented to, by the creditor, with full knowledge of all the facts which a return would have disclosed, into the occasion of subjecting the garnishee to an absolute liability for the debt, without an opportunity to make and test the *176 question of bis responsibility for the disappearance or destruction of the specific fund attached while thus left in his hands, and that, too, when the creditors’ own inaction had permitted the operation of the causes, which, it is alleged, had wrought the waste or destruction, to intervene between themselves and the realization of the satisfaction which was in their power ? The cause shown for leave to file the return, nunc pro tunc, seems entirely sufficient. It is the opinion of this Court that the order made on the Circuit, granting to the plaintiffs, Swann & Brother, leave to enter up judgment against the garnishee, R. Q. Pinckney, is without authority, and should be rescinded; and it is so ordered, and that the judgment so entered, if any, be set aside.
Dunkin', C. J., and Wardlaw, A. J., concurred.

Motion granted.